UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jeremy Weber,

                Plaintiff,

                                      Civ. No. 10-2142 (RHK/LIB)
                                      **ORDER**

v.

The Travelers Home and Marine Insurance Co.,

                Defendant.

---

This matter is before the Court *sua sponte*.

Plaintiff Jeremy Weber alleges in this action that Defendant Travelers Home and Marine Insurance Co. ("Travelers") failed to pay him insurance benefits after his house, which was insured by Travelers, was damaged by fire in 2009. Travelers apparently contends that Weber set fire to his own home and, as a result, is not entitled to the policy proceeds. Weber commenced this action in April 2010 in the Stearns County, Minnesota District Court, and Travelers timely removed it to this Court.

Following removal, then-Magistrate Judge Erickson issued a Pretrial Scheduling Order (Doc. No. 11) setting the discovery cut-off for April 1, 2011, and the dispositive-motion deadline for June 1, 2011. On January 21, 2011, Weber moved for partial summary judgment, noticing his Motion for a hearing on March 11, 2011. Because he filed his Motion more than two months before the discovery cut-off, he acknowledged that many relevant depositions would not be conducted before briefing on the Motion was concluded. (See Pl. Mem. (Doc. No. 38) at 2.) He also asserted that because

discovery was not complete, his "statement of facts and affidavit will be somewhat sketchy." (Id.)[1] Weber has pointed to no specific evidence supporting his claimed version of the "facts" entitling him to summary judgment; indeed, his brief contains no citations to record evidence whatsoever.

Based on the foregoing, the Court concludes that Weber's Motion must be denied, for two reasons. First, he has failed to direct the Court's attention to specific evidence supporting his contentions. It is not the Court's obligation to mine the record "searching for nuggets . . . to gild a party's arguments." Rodgers v. City of Des Moines, 435 F.3d 904, 908 (8th Cir. 2006); accord, e.g., Gallagher v. Magner, 619 F.3d 823, 842 (8th Cir. 2010). Weber's admittedly "sketchy" averments simply will not suffice. See Fed. R. Civ. P. 56(c)(1)(A) (party seeking summary judgment must support motion by "citing to *particular parts of materials* in the record") (emphasis added).

Second, summary judgment is premature at this stage. As Travelers points out, many of the facts supporting its arson defense have yet to be developed (see Doc. No. 44 ¶¶ 3, 19-22), and "summary judgment is proper only after the non-movant has had adequate time to engage in discovery." Stanback v. Best Diversified Prods., Inc., 180 F.3d 903, 911 (8th Cir. 1999); accord, e.g., Nolan v. Thompson, 521 F.3d 983, 986 (8th Cir. 2008); Robinson v. Terex Corp., 439 F.3d 465, 467 (8th Cir. 2006). When faced with a motion for summary judgment, a party claiming that it has not had sufficient time

---

[1] It is unclear precisely what affidavit Weber is referring to, as the Court has received no such document from him. The only evidentiary matter submitted with the Motion is the Affidavit of Weber's counsel, attaching the transcripts of two depositions Travelers previously took of Weber. (See Doc. No. 39.)

for discovery may file an affidavit under Federal Rule of Civil Procedure 56(d) showing "what specific facts further discovery might unveil." Stanback, 180 F.3d at 911.[2] The Rule provides a "safeguard against an improvident or premature grant of summary judgment . . . and [it] should be applied with a spirit of liberality." United States *ex rel.* Bernard v. Casino Magic Corp., 293 F.3d 419, 426 (8th Cir. 2002).

Here, Travelers has filed an Affidavit from its counsel (Doc. No. 44), identifying the information it intends to obtain through upcoming depositions – which are scheduled for early March – to support its arson defense. The Court finds that summary judgment would be premature before Travelers has the opportunity to discover this information. Indeed, Weber does not appear to argue otherwise – despite having the opportunity to file a Reply brief responding to Travelers's assertion that it needs discovery, he has failed to do so. Moreover, Travelers has also moved for summary judgment and scheduled a hearing on its Motion for May 23, 2011 – that is, *after* the close of discovery. The Court believes that Weber's arguments would be more appropriately considered at that time, on a full record.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Weber's Motion for Partial Summary Judgment (Doc. No. 36) is **DENIED**, without prejudice to re-filing the Motion after the close of discovery. To the extent Weber intends to so move, he should notice his Motion for a hearing on

---

[2] Prior to December 1, 2010, the authorization for such an affidavit was found in Federal Rule of Civil Procedure 56(f).

-4-

May 23, 2011, the same date as the hearing on Travelers's Motion.[3]  The hearing on the instant Motion, currently scheduled for March 11, 2011, is **CANCELED**.

Dated: March 1, 2011                                s/Richard H. Kyle
                                                                    RICHARD H. KYLE
                                                                    United States District Judge

---

[3] In the alternative, Weber could raise the arguments asserted in the instant Motion in his opposition to Travelers's Motion.